UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. MELLO, ) | 1:06-cv-01221 OWW SMS (PC) |
| Plaintiff, ) | |
| v. ) | ORDER DENYING MOTION FOR ISSUANCE OF SUMMONSES |
| J. R. MARTINEZ, et al., ) | (DOCUMENT #9) |
| Defendants. ) | |

William D. Mello ("plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on September 7, 2006. On June 28, 2007, plaintiff filed a motion for the court to issue summonses and to appoint the U.S. Marshal to serve process on the defendants.

Rule 4(a) of the Federal Rules of Civil Procedure allows for the issuance of a summons and service of the complaint. Rule 4(m) sets out the time limit for service of the complaint within 120 days. The court is required by law to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, such as the instant action brought pursuant to 42 U.S.C. § 1983. U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1        With respect to service, the court will, *sua sponte*, direct the United States Marshal to serve the complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants. Thus, the time limits set forth in Rule 4 are inapplicable until such time as the court determines the complaint states cognizable claims for relief. As the court has yet to screen plaintiff's case, plaintiff's request for service is premature and unnecessary.

       Plaintiff is further informed that the court has hundreds of prisoner civil rights cases pending before it and which were filed before plaintiff's case. The court screens the cases in the order in which they are filed. Because of the large volume of cases, an inmate can experience delay in resolution of his case. Plaintiff can rest assured that should her address with the court remain current, she will receive all orders issued in her case.

       Accordingly, the court HEREBY ORDERS that plaintiff's motion for issuance of summonses is DENIED.

IT IS SO ORDERED.

**Dated:   August 9, 2007**                           **/s/ Sandra M. Snyder**
                                                                              UNITED STATES MAGISTRATE JUDGE