**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. MELLO, | CASE NO. 1:06-cv-01221-OWW-SMS PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| J. R. MARTINEZ, et al., | (DOC. 8) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff William D. Mello ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 7, 2006, and his amended complaint on January 19, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A9(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal...fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which applies to section 1983 actions. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief..." Fed. R. Civ. P. 8(a). "Such statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Swierkiewicz, 534 U.S. at 12. However, "the liberal pleading standard...applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

    **A.     Summary of Complaint**

Plaintiff was transferred from California State Abuse Treatment Facility and State Prison in Corcoran ("Corcoran") to Kern Valley State Prison - New Delano II on January 20, 2006. Plaintiff alleges a violation of his constitutional rights from an event that occurred at Corcoran on January 20, 2006, as he was being transferred from Corcoran. Plaintiff seeks damages against Department of Corrections Officers J. R. Martinez and Riagoza ("Defendants") and injunctive relief.

Plaintiff alleges that on January 20, 2006, Defendants prepared Plaintiff's personal belongings to be transported to Kern Valley State Prison. While packing up Plaintiff's personal belongings, they set aside items that Plaintiff claims were religious artifacts: abalone shells, Plaintiff's personal braid of hair, herbs, medicine bag, stones, and bones, among others. They informed Plaintiff that he could either mail these items home or donate them. Plaintiff refused to be parted from his religious artifacts. Plaintiff told Defendants that he did not have a home to send the items to, and that donating them was out of the question. Defendants threw away these items. Plaintiff then refused to sign a CDC-1083, Inmate Inventory Form, because he maintained that the items listed on the form did not constitute all of his belongings. Consequently, none of the boxes containing Plaintiff's personal belongings left Corcoran, and Plaintiff did not receive any of his personal belongings at Kern Valley.

Plaintiff is Native American and claims to be a minister of "Man." Am. Compl. p.7. He has attached as an exhibit to the amended complaint a completed CDC-128, which is a form signed by Mike Raymond, Native American Indian Spiritual Advisor, stating that Plaintiff is a practitioner of the Native Indian religion and that he is approved by Corcoran to possess certain spiritual/cultural items, not to exceed one apple box.

### B. Free Exercise Claim

Plaintiff appears to allege a First Amendment violation. "The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citing O'Lone v. Shabazz, 482 U.S. 342 (1987)); Bell v. Wolfish, 441 U.S. 520, 545 (1979). Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. Shakur v. Schriro, 513 F.3d 878, 884-85 (9th Cir. 2008) (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994); Callahan v. Woods, 658 F. 2d 679, 683 (9th Cir. 1981)).

Plaintiff's allegations describing the January 20, 2006, incident are insufficient to determine whether Defendants' actions burdened Plaintiff's religious beliefs which are both sincerely held and rooted in religious beliefs. Therefore, Plaintiff fails to allege sufficient facts to state a claim under the First Amendment.

### C. Procedural Due Process Claim

Plaintiff alleges that Defendants destroyed his personal religious items, suggesting a possible due process claim. The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a constitutionally protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor authorized intentional deprivations of property by a state employee "constitute

///

a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. at 533.

Plaintiff does not allege sufficient facts for the Court to determine whether the deprivation of his religious artifacts was authorized or unauthorized. In the event that the deprivation of his property was authorized and thus actionable, Plaintiff does not allege that he was deprived of procedural due process.

If the deprivation of his property was an unauthorized intentional deprivation by Defendants, it is not actionable under the Due Process Clause if a meaningful postdeprivation remedy for the loss was available. Hudson v. Palmer, 468 U.S. at 533. Since it is unclear whether Defendants' deprivation of Plaintiff's property was an authorized or an unauthorized act, Plaintiff may allege additional facts to clarify in his second amended complaint.

**D.    Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution...unless the government demonstrates that imposition of the burden on that person(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling government interest**.**

42 U.S.C § 2000cc-1. The Court cannot ascertain whether Plaintiff is alleging a violation of RLUIPA. If Plaintiff is alleging that Defendants violated RLUIPA, his allegations are insufficient to give rise to a claim as the Court cannot determine from Plaintiff's amended complaint whether Defendants' actions substantially burdened the exercise of Plaintiff's religious beliefs.

**E.    Official Capacity Damages Claims Under Section 1983**

Plaintiff is suing Defendants for damages in their official and personal capacities. Plaintiff may not recover damages in a suit against state officers sued in their official capacities. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n. 24 (1997); Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Doe v. Lawrence Livermore Nat'l Laboratory, 131 F.3d 836, 839 (9th Cir. 1997); Kruse v. Hawaii, 68 F.3d 331, 334

n.2 (9th Cir. 1995); DeNieva v. Reyes, 966 F.2d 480, 483 (9th Cir. 1992). Plaintiff may recover damages against Defendants sued in their individual capacities only. See Hafer v. Melo, 502 U.S. at 31 (1991); DeNieva v. Reyes, 966 F.2d at 483. Therefore, Plaintiff's damages claims against Defendants in their official capacities fail as a matter of law.

### F. Claim for Injunctive Relief

In addition to damages, Plaintiff seeks injunctive relief mandating training of Department of Corrections employees on respectful handling of religious artifacts. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no furtherthan necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. §3626(a)(1)(A). In this case, Plaintiff has an adequate remedy at law. Plaintiff is unlikely to suffer future injury, and the injunctive relief that Plaintiff is seeking would not be narrowly drawn and tailored to correct the alleged violation. Therefore, this action should proceed as one for damages only.

///

///

### III. Conclusion and Order

The Court has screened Plaintiff's amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983 or RLUIPA. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and

5. If Plaintiff fails to file a second amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   November 25, 2008                        /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE