# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS MELLO,<br><br>    Plaintiff,<br><br>  v.<br><br>J.R. MARTINEZ and RIAGOZA,<br><br>    Defendants. | 1:06-cv-01221-SMS (PC)<br><br>ORDER FINDING CERTAIN CLAIMS COGNIZABLE and DISMISSING CERTAIN CLAIMS WITH PREJUDICE<br><br>(Doc. 13) |

**I.    FINDINGS**

William Douglas Mello ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed the Complaint on September 7, 2006. (Doc. 1.) Plaintiff consented to jurisdiction by U.S. Magistrate Judge on September 21, 2006. (Doc. 4.) On January 17, 2007, Plaintiff filed the First Amended Complaint. (Doc. 8.) The First Amended Complaint was screened and dismissed with leave to amend on November 25, 2008. (Doc. 12.) On December 22, 2008, Plaintiff filed the Second Amended Complaint – which is presently before the Court. (Doc. 13.)

    **A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.      Summary of Plaintiff's Second Amended Complaint**

Plaintiff is a state prisoner, currently housed at High Desert State Prison in Susanville, California. Plaintiff complains of acts which occurred at California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California while he was being processed for transfer to another facility. Plaintiff names Correctional Officers J.R. Martinez and Riagoza as the only defendants in this action. Plaintiff seeks monetary damages and a temporary restraining order.

Plaintiff alleges that, while Correctional Officers Martinez and Riagoza were processing his personal belongings for transfer, they unilaterally decided that his religious artifacts were contraband. They then gave Plaintiff the choice to have them mailed home, donated, or destroyed and presented him with various forms to sign. Plaintiff refused to agree to any of the options offered to him since he was not provided consideration or value for his items. Correctional Officers Martinez and Riagoza then decided not to follow the policies and

procedures for such matters, and knowing that the items were central to the customary practice of Plaintiff's religious beliefs, destroyed Plaintiff's religious artifacts in front of him. Plaintiff alleges that these acts by Correctional Officers Martinez and Riagoza were unauthorized and an intentional deprivation of his religious property.

### C. Plaintiff's Claims

#### 1. Religion

##### a. First Amendment – Free Exercise

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987). The protections of the Free Exercise Clause are triggered when prison regulations burden the practice of a prisoner's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part* by Shakur, 514 F.3d at 884-85.

Plaintiff's alleges that Correctional Officers Martinez and Riagoza destroyed his religious artifacts that are essential to most every ceremony known to his sincerely held and deeply rooted religious Native American Indian beliefs – which has devastated his ability to exercise his religion. This states a cognizable claim against Correctional Officers Martinez and Riagoza for violating Plaintiff's First Amendment right to freely exercise his religion.

##### b. Fourteenth Amendment – Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). Plaintiff is entitled "to 'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow [detainees] who adhere to conventional religious precepts.'" Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam)). To state a claim, a plaintiff

must allege facts sufficient to support the claim that officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part on other grounds* by Shakur, 514 F.3d at 884-85.

Despite being previously given the requisite standards, Plaintiff fails to state any allegations to show whether he was provided comparable opportunity of maintaining possession of his religious artifacts as was afforded to prisoners of conventional religions. Thus, Plaintiff's claim is not cognizable under the Equal Protection Clause.

### c. Religious Land Use and Institutionalized Persons Act of 2000

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id. "RLUIPA disallows policies that impose 'a substantial burden on . . . religious exercise' unless the burden 'furthers "a compelling governmental interest," and does so by "the least restrictive means." ' " Alvarez v. Hill 518 F.3d 1152 (9th Cir. 2008) quoting Id. at 994 quoting 42 U.S.C. § 2000cc-1(a).

Plaintiff's alleges that Correctional Officers Martinez and Riagoza destroyed his religious artifacts that are essential to most every ceremony known to his sincerely held and deeply rooted religious Native American Indian beliefs which devastated his ability to exercise his religion. This states a cognizable claim against Correctional Officers Martinez and Riagoza for violating Plaintiff's rights under RLUIPA.

4

### 2. Due Process

The Due Process Clause protects prisoners, and detainees, from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners and detainees have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson v. Palmer, 468 U.S. 517, 533 (1984).

"An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff alleges that the acts of C/Os Martinez and Riagoza, taking and destroying his religious artifacts were unauthorized, intentional, and contrary to mandatory operational procedures, policies, and regulations. Meaningful postdeprivation remedies are available to Plaintiff such that his claims under the Due Process Clause of the Fourteenth Amendment are not cognizable.

### 3. Temporary Restraining Order

Plaintiff seeks a temporary restraining order against "the AGENTS/OFFICER/EMPLOYEES, of the CALIFORNIA DEPARTMENT OF CORRECTION & REHABILITATIONS for the duration of this case . . . that they be RESTRAINED from any

further acts against the Petitioner and his Religious Artifacts . . . ." (Doc. 1, pg. 7.) The Court interprets this as a request for preliminary injunctive relief since Plaintiff has not met the requirements of Local Rule 65-231(a), (b), and (c).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. Plaintiff is not entitled to a preliminary injunction as he has not demonstrated a significant threat of further irreparable injury so as to necessitate the imposition of a preliminary injunction at this time.

Finally, the Court notes that, other than the requested injunctive relief, the complaint seeks only monetary damages. As a general matter, monetary injury, even severe monetary injury, is an insufficient ground for injunctive relief. Sampson v. Murray, 415 U.S. 61, 90-92, 94 S.Ct. 937, 952-953 (1974). That is because, as a general matter, monetary loss may be compensated at law. Put differently, a person suffering monetary injury has an adequate remedy at law and accordingly equitable relief should be denied.

**II.    ORDER**

The Court finds that Plaintiff's complaint gives rise to claims for relief against Defendants Correctional Officers Martinez and Riagoza for violating his rights to freely exercise his religion under the First Amendment and RLUIPA. The Court will, by separate order direct Plaintiff to submit USM 285 forms. However, the Court finds that Plaintiff fails to state a cognizable claim against Defendants Correctional Officers Martinez and Riagoza for violating his rights under the Equal Protection Clause and the Due Process Clause.

Accordingly, it is HEREBY ORDERED that:

1. this action shall proceed on Plaintiff's Second Amended Complaint, filed on December 22, 2008, against Defendants Correctional Officers Martinez and Riagoza for violating his rights to freely exercise his religion under the First Amendment and RLUIPA;
2. all other claims against Defendant Correctional Officer Martinez are dismissed with prejudice based on Plaintiff's failure to state any claims upon which relief may be granted; and
3. all claims against Defendant Correctional Officer Riagoza are dismissed with prejudice based on Plaintiff's failure to state any claims upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   April 6, 2009**               /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE