# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS MELLO, | 1:06-cv-01221-SMS-PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST (Doc. 22.) |
| v. | |
| J. R. MARTINEZ, et al., | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |
| _____/ | |

## I.   BACKGROUND

Plaintiff William Douglas Mello ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 7, 2006.  (Doc. 1.)  On April 2, 2009, this action was assigned to the undersigned for all further proceedings including trial and entry of judgment.[1]  (Doc. 15.)  This action now proceeds on Plaintiff's second amended complaint, filed December 22, 2008, against defendants C/O J. R. Martinez and C/O Riagoza ("Defendants"), for violating Plaintiff's rights to freely exercise his religion under the First Amendment and RLUIPA.[2]  On July 30, 2009, Defendants filed a motion to

---

[1]The parties have consented to the jurisdiction of a United States Magistrate Judge.  (Docs. 4, 31, 32.)

[2]The Court dismissed all other claims from this action on April 7, 2009.  (Doc. 17.)

1  dismiss the complaint for Plaintiff's failure to exhaust administrative remedies before filing suit.

2  (Doc. 22.)  On August 10, 2009, Plaintiff filed an opposition to Defendants' motion.[3]  (Doc. 24.)

3  On August 17, 2009, Defendants filed a reply to Plaintiff's opposition.  (Doc. 25.)  On August 31,

4  2009, Plaintiff filed a surreply.  (Doc. 27.)  On September 2, 2009, Defendants filed a motion to

5  strike Plaintiff's surreply. (Doc. 28.) On December 18, 2009, the Court granted Defendants' motion

6  to strike, and the surreply was stricken as improper.  (Doc. 33.)  Defendants' motion to dismiss is

7  now before the Court.

8  **II.     STATUTORY EXHAUSTION REQUIREMENT**

9       Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be

10  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

11  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

12  as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners must complete the prison's

13  administrative process, regardless of the relief sought by the prisoner and regardless of the relief

14  offered by the process, as long as the administrative process can provide some sort of relief on the

15  complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).  "Proper exhaustion[, which]

16  demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required,

17  Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or

18  otherwise procedurally defective . . . appeal." Id. at 83-84.

19       The PLRA requires a prisoner to exhaust "such administrative remedies as are available"

20  before suing over prison conditions.  42 U.S.C. §1997e(a).  The Booth court held that the PLRA

21  requires administrative exhaustion even where the grievance process does not permit award of

22  money damages and the prisoner seeks only money damages, as long as the grievance tribunal has

23  authority to take some responsive action.  Booth, 532 U.S. at 732.  "The meaning of the phrase

24  'administrative remedies ... available' is the crux of the case." Id. at 731.  In discussing the meaning

25  of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either

26  specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the

---

[3]Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on April 24, 2009.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.1 (9th Cir. 2003).  (Doc. 19.)

procedural avenue leading to some relief." Id. at 738. (emphasis added.) Thus, the court determined that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*. Id. at 738-739. (emphasis added.)   It follows, then, that if an inmate exhausts the process that is made available to him, he has satisfied the requirement of the statute.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

## III.    DISCUSSION

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d, 1198, 1199-1201 (9th Cir. 2002).

Defendants bring a motion to dismiss the complaint pursuant to Rule 12(b), for Plaintiff's failure to exhaust administrative remedies before filing suit.  Defendants provide evidence that

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

Plaintiff admits he failed to exhaust his administrative remedies.  In the second amended complaint, Plaintiff indicates that he did not complete the grievance process because although he "attempted to file a grievance with the defendants, [] the California Department of Corrections and Rehabilitation ("CDCR") refuse[d] to make the defendants available."  Second Amended Complaint ("2ACP") at 2 ¶C. Defendants argue that Plaintiff's excuse is not legally sufficient, because Plaintiff did not need Defendants to be available to exhaust his appeal. MTD at 5:12-21.  Because Plaintiff's appeal involves staff misconduct, it is exempt from the informal level requirement, so Plaintiff did not need to attempt informal resolution with the Defendants.  MTD at 5:12-17; Cal. Code Regs., tit. 15 §3084.5(a)(3)(G).  At the first, second, and third levels of review, Plaintiff simply needed to submit the appeal to the Appeals Coordinator, without the involvement of Defendants.  MTD at 5:17-18; Cal Code Regs., tit. 15 § 3084.2(c).  Defendants also contend that neither the Inmate Appeals Tracking Systems at CSATF or KVSP, nor the Inmate Appeals Board, contain records that Plaintiff submitted an appeal for formal review concerning the January 20, 2006 incident alleged in the complaint.  MTD at 3:2-5, 6:5-7; Hall Decl. ¶5, Ex. A; Billings Decl. ¶4, Ex. A; Grannis Decl. ¶4, Ex. A.

16
17
18
19
20
21
22
23
24

        In opposition, Plaintiff provides evidence of his attempts to file a grievance.  Plaintiff's Appeal No. 5020446 was received by the Inmate Appeals Branch at the Director's Level on March 16, 2006.  Opp'n at 5:25-6:1-3; Grannis Decl., Ex. A.  On January 2, 2009, Plaintiff mailed several documents under notary seal to Defendants and their counsel.  Opp'n at 6:11-18, Exs. D-F, I, J.  On June 22, 2009, he mailed a Notice of Administrative Process on a 602 form to Matthew Cate, Secretary of the Department of Corrections.  Opp'n at 5:11-12, Ex. G.[4]  On July 23, 2009, Plaintiff mailed a Notice of Administrative Process to Defendants' attorney.  Opp'n at 5:17-19, Ex. I.  In addition, on July 29, 2009, Plaintiff mailed another Notice to Defendants' attorney.  Opp'n at 5:19-21, Ex. J.

25
26

        Defendants reply that Plaintiff has not presented any evidence supporting his claim that he followed the Inmate Appeals Procedures governed by the California Code of Regulations, which

27
28

        [4] Where Plaintiff's pagination on a document differs from the pagination designated by the Court's electronic record, the Court uses the pagination designated by the Court's electronic record.

4

require that an inmate follow the prison's rules to exhaust administrative remedies. Under the rules, California inmates must proceed through several levels of appeal, including informal resolution, first level, second level, and third or Director's level. Reply at 2:14-26, 3:1-5; Cal Code Regs. tit. 15 § 3084 et seq. Plaintiff's affidavit shows that he mailed his Appeal No. 5020446 directly to the Inmate Appeals Branch at the Director's Level; however, it was screened out on March 16, 2006 for not being completed through the second level. Opp'n at 5:25-6:3; Grannis Decl ¶4, Ex. A at 2. Defendants also argue that Plaintiff's mailing his appeal to the Secretary of the CDCR or Warden is improper, because at all formal levels, the inmate must submit the appeal to the Appeals Coordinator. Reply at 3:13-15; Cal Code Regs., tit. 15 § 3084.2(c).

Plaintiff is Native American and a minister and practitioner of the Native American Indian religion. At the time of the events at issue, Plaintiff was incarcerated at SATF and was approved to possess certain spiritual/cultural items, not to exceed one apple box. Plaintiff's allegations in the second amended complaint stem from events occurring at SATF on January 20, 2006, as he was being transferred from SATF to KVSP.

Plaintiff alleges in the second amended complaint that on January 20, 2006, Defendants prepared his personal belongings to be transported to KVSP. While packing up Plaintiff's personal belongings, Defendants set aside items that were Plaintiff's religious artifacts, including abalone shells, a braid of hair, medicine bag, deer hides, furs, feathers, and bone chokers. Defendants informed Plaintiff that these items were deemed contraband and would have to be either mailed home, donated or destroyed. Defendants presented Plaintiff with a CDC-1083, Inmate Inventory Form, which would release the liability of the Defendants with regard to Plaintiff's private property and religious artifacts. Plaintiff refused to sign the form, and Defendants destroyed the artifacts, in violation of §53050 of the CDC's Operational Procedures Manual. Plaintiff claims that Defendants violated his rights to freely exercise his religion under the First Amendment and RLUIPA.

Plaintiff claims he attempted to file a grievance but admits he failed to complete the grievance process. 2ACP at 2 ¶C. The Court has examined Defendants' official records and finds no record of an appeal by Plaintiff concerning the incident of January 20, 2006 which was accepted for review and decided at any level between January 20, 2006, the date of the events at issue, and

September 7, 2006, the date Plaintiff filed the complaint. The Court has also reviewed Plaintiff's second amended complaint and finds no evidence of exhaustion.[5] Although Plaintiff provides evidence he submitted Appeal No. 5020446 to the Inmate Appeals Branch at Level III on March 16, 2006, Defendants' records show the appeal was screened out for not being completed through the second level. Opp'n at 5:25-4:1; Grannis Decl ¶4, Ex. A at 2. The Court finds Plaintiff's argument – that the CDCR was to blame for not making Defendants available when he attempted to file a grievance – unavailing. As Defendants have argued, Plaintiff did not need Defendants to be available at any level of the grievance process because he was not required to seek review by Defendants at the Informal Level, and at the first, second, and third levels of review, Plaintiff simply needed to submit the appeal to the Appeals Coordinator, without the involvement of Defendants. MTD at 5:12-18; Cal Code Regs., tit. 15 §§ 3084.2(c), 3084.5(a)(3)(G). Plaintiff's purported attempts at filing grievances on January 9, 2009, January 22, 2009, July 23, 2009, and July 29, 2009, were made well after the complaint was filed and were not properly submitted to any level of review. Plaintiff provides no evidence that he followed the required process pursuant to § 3084.1 et seq. to satisfy § 1997e(a). Therefore, Defendants are entitled to dismissal of this action in its entirety.

## IV.  CONCLUSION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a). Defendants show an absence in the official records of any evidence that an appeal by Plaintiff pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning the incident of January 20, 2006, was accepted for review before the complaint was filed. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement.

///

///

///

---

[5]In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the second amended complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified second amended complaint and its accompanying exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1.      Defendants' motion to dismiss for failure to exhaust, filed July 30, 2009, is GRANTED;

2.      This action is DISMISSED in its entirety, without prejudice, based on Plaintiff's failure to exhaust; and

3.      The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:      January 7, 2010                     /s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE