# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DOUGLAS MELLO, | CASE NO. 1:06-cv-01221-SMS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (Doc. 36) |
| J. R. MARTINEZ, et al., | |
| Defendants. | |

Plaintiff William Douglas Mello is a state prisoner who was proceeding pro se and in forma pauperis in this civil action. On January 8, 2010, the Court granted Defendants' motion to dismiss and dismissed this action, without prejudice, for failure to exhaust in compliance with 42 U.S.C. § 1997e(a). On January 26, 2010, Plaintiff filed a motion for reconsideration.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

///

1  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Prisoners are required to exhaust the available administrative remedy process prior to filing suit in federal court, Porter v. Nussle, 435 U.S. 516, 524, 122 S.Ct. 983 (2002); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002), and in doing so, they must comply with the procedural rules governing the remedy process. Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006); Marella v. Terhune, 562 F.3d 983, 985 (9th Cir. 2009). The Court found that Plaintiff did not submit any evidence in support of his argument that he exhausted.

As the Court explained, Plaintiff's attempt to submit an appeal directly to the Director's Level of review did not suffice because Plaintiff was required to first obtain a second-level review, which he failed to do and which led to the rejection of the appeal. Cal. Code Regs., tit. 15 §§ 3084.2, 3084.5 (2010). Plaintiff's argument that the California Department of Corrections and Rehabilitation failed to make Defendants available did not suffice to excuse his failure to exhaust because Plaintiff was not required to speak with or otherwise have contact with Defendants in order to file an appeal. Finally, Plaintiff's attempts to exhaust in 2009 did not suffice because exhaustion must occur before suit is filed. Porter, 435 U.S. at 524; McKinney, 311 F.3d at 1199-1201.

Plaintiff's motion for reconsideration sets forth no evidence demonstrating that prior to filing suit, he complied with section 1997e(a) by filing an inmate appeal in accordance with the governing regulations and exhausting the appeals process. Plaintiff's mere disagreement with the Court's

///
///
///
///
///

decision is not grounds for reconsideration.  Plaintiff did not meet his burden as the party moving for reconsideration, and his motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:     June 10, 2010**               /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE